# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Fenton Edward Terembes, Jr.

November 30, 2000

Case No. CR00-73

BY JUDGE WILLIAM H. LEDBETTER, JR.

In a post-conviction motion, the defendant asks the court to disallow or reduce a portion of the restitution ordered in this case and to waive all or a portion of the court costs assessed against him.

The defendant (Terembes) was convicted of seven counts of breaking and entering and seven grand larcenies. On March 20, 2000, he was sentenced pursuant to a written plea agreement to a total of fourteen years in prison, all suspended on certain conditions, including satisfactory completion of the Detention Center Incarceration Program under Virginia Code § 19.2-316.2, and payment of specified amounts of restitution. The Commonwealth was permitted to submit corrected restitution figures (because some of the victims had not yet calculated their losses) within twenty-one days. That was done and an order of April 10, 2000, set forth the final restitution calculations.

A hearing was held on Terembes' motion on November 14, 2000.

After hearing and considering the evidence and arguments regarding restitution, the court is of the opinion that the Commonwealth has established by sufficient evidence that the value of the two stolen pearl necklaces, whose value is questioned by Terembes, was $4,000.00 as of the date of the theft. Accordingly, the request for disallowance or reduction of this sum is denied.

Terembes was convicted of fourteen felonies. As required by § 17.1-275.1, the clerk assessed court costs in the amount of $348.00 for each charge, for a total of $4,872.00. In addition, the clerk assessed costs provided in § 17.1-275.5 as appropriate. These assessments were sent to the Department

of Taxation, among others, as required by law. On June 12, 2000, the Department of Taxation notified Terembes of his debt and of the Department's intention to collect the debt.

The court has no authority to waive court costs. See, e.g., § 19.2-362. The costs are specifically imposed by statute and are mandatory. The "fixed felony fee," enacted in 1999, is just that, a fixed sum, $348.00, attached to each felony charge for which the defendant is convicted. As noted above, there may have been additional costs in these cases, or some of them, as mandated in § 17.1-275.5.

There are some provisions for relief. A defendant may be permitted to pay the costs on an installment basis. Section 19.2-354. Under certain circumstances, the Governor may remit "fines and penalties." Section 18.2-363 *et seq*. Further, a defendant may be permitted discharge of costs by earning credits for performance of community service work. Section 19.2-355(c).

The court notes that the calculations of costs received by Terembes from the Department of Taxation may be wrong because they include interest. Interest does not accumulate while a defendant is incarcerated. Rather, it is calculated from ten days after his release. Terembes was incarcerated in this case. Therefore, interest would run from ten days after his release from the Detention Center Incarceration facility. Wherefore, the relief sought in the motion is denied. The court has entered an order consistent with this opinion.